UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

CRYSTAL BURNETT,

      Plaintiff,

v.                                      Case No.  1:15-cv-00170-MW-GRJ

SBSFLD, LLC,

      Defendant.
_____/

**JOINT MOTION FOR APPROVAL OF SETTLEMENT
AND INCORPORATED MEMORANDUM OF LAW**

Plaintiff, CRYSTAL BURNETT, and Defendant, SBSFLD, LLC, (collectively "the Parties"), hereby file their Joint Motion for Approval of Settlement and Incorporated Memorandum of Law, and state in support thereof as follows:

**I.    Relief Requested**

The Parties respectfully request that this Honorable Court enter an Order approving the terms of the Parties' settlement agreement, vacate the default judgment, dissolve the writ of garnishment and dismiss Plaintiff's Complaint with prejudice. The settlement agreement was filed as Exhibit A to this Motion.

**II.    Basis for the Request**

This case involved a claim for unpaid overtime wages. The Parties agrees after analyzing the applicable employment and pay records that Plaintiff worked for Defendant as a Staffing Coordinator from June 4, 2014 to April 28, 2015, which involved creating schedules for Defendant's nursing staff. She earned $15 per hour during her employment with Defendant. A review of her time and payroll records shows that she was indeed paid overtime by Defendant for

recorded hours worked over 40 hours per week, and during the one year she worked for Defendant she was paid $5,665.57 in overtime pay alone. Her combined pay during the one year period she worked for Defendant, including overtime, PTO and regular pay, was $35,253.34. (Please see Time and Pay Records Attached as Exhibit B). Plaintiff's Complaint alleges that Defendant failed to compensate Plaintiff for all of the overtime hours that she worked.

Plaintiff's Complaint and Sworn Declaration asserts that Plaintiff worked for Defendant from June 9, 2013 to April 23, 2015. Defendant responds that Plaintiff has overstated the length of her employment by almost one year. Further, Defendant denies Plaintiff's allegations that she was not paid for overtime hours worked during her employment, arguing that Plaintiff was properly compensated for the overtime hours that she worked, which is demonstrated by review of her time and pay records. The Parties have had several in-depth discussions on liability and damages and have reached a settlement based on same. The total amount that the Plaintiff, Crystal Burnett, is receiving directly, $13,000 as outlined in the Settlement Agreement, is the equivalent of more than 36 percent of her annual earnings for the year she worked for Defendant.

Counsels for Plaintiff further stipulate that the amount recovered in attorney's fees and costs, $11,000 per each law firm representing Plaintiff, for a total of $22,000, is fair and reasonable in light of the amount of work done on this matter, and that those law firms accept the payments in full satisfaction of the attorney's fees and costs incurred on Plaintiff's behalf. The Parties further state that there was no undue influence, overreaching, collusion, or intimidation in reaching the settlement agreement.

The Parties voluntarily agreed to the terms of their settlement during negotiations. All Parties were counseled and represented by their respective attorneys throughout the litigation and settlement process. Moreover, the Parties negotiated and settled Plaintiffs' recovery and attorney's

fees independently and in seriatim consistent with this Court's prior ruling in Bonetti v. Embarq Mgmt. Co., 715 F. Supp. 2d 1222 (M.D. Fla. Aug. 4, 2009).

### III. Memorandum of Law

There are two ways in which claims under the Fair Labor Standards Act of 1938 ("FLSA") can be settled and released by employees. First, section 216(c) of the FLSA allows an employee to settle and waive their claims under the FLSA if the payment of unpaid wages by the employer to the employee is supervised by the Secretary of Labor. *See* 29 U.S.C. § 216(c); Lynn's Food Store, Inc. v. United States, 679 F.2d 1350, 1353, (11th Cir. 1982). Second, in the context of a private lawsuit brought by an employee against an employer under section 216(b) of the FLSA, an employee may settle and release FLSA claims against an employer if the parties present the district court with a proposed settlement, and the district court enters an Order approving the settlement. Id.; *see also* D.A. Schulte, Inc. v. Gangi, 66 S.Ct. 925, 928 n. 8 (1946); Jarrad v. Southeastern Shipbuilding Corp., 163 F.2d 960, 961 (5th Cir. 1947). In the Eleventh Circuit, circumstances justifying court approval of an FLSA settlement in a litigation context include:

> Settlements may be permissible in the context of a suit brought by employees under the FLSA for back wages because initiation of the action by the employees provides some assurance of an adversarial context. The employees are likely to be represented by an attorney who can protect their rights under the statute. Thus, when the parties submit a settlement to the court for approval, the settlement is more likely to reflect a reasonable compromise of disputed issues than a mere waiver of statutory rights brought by an employer's overreaching. If a settlement in an employee FLSA suit does reflect a reasonable compromise over issues, such as FLSA coverage or computation of back wages that are actually in dispute, we allow the district court to approve the settlement in order to promote the policy of encouraging settlement of litigation.

Lynn's Food Stores, 679 F.2d at 1354.

Case No.  1:15-cv-00170-MW-GRJ

Congress enacted the FLSA to protect employees from "inequalities in bargaining power between employers and employees." *See Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352 (11th Cir. 1982). To further this congressional purpose, the U.S. Court of Appeals for the Eleventh Circuit has placed "limits on the ability of private parties to settle FLSA lawsuits." *See Nall v. Mal-Motels, Inc.*, 723 F.3d 1304, 1307 (11th Cir. 2013). The concerns presented in *Lynn's Food Stores* and *Nall* are not present in this case. The settlement of the instant action involves a situation in which the Court may approve the Parties' settlement to resolve and release Plaintiff's FLSA claims against Defendant, as well as any other claims arising out of Plaintiff's employment with Defendant. The proposed settlement arises out of an action brought by Plaintiff against Defendant.

The Parties agree that the instant action involves disputed issues. The Parties further agree that settlement negotiated and reached by the Parties reflects a reasonable compromise of the disputed issues. Indeed, Defendant's position is that, pursuant to the Agreement, Plaintiff will receive more than what she could have recovered had her case proceeded to trial on the merits. FLSA private settlement agreements are enforceable when employees are provided "everything to which they are entitled under the FLSA at the time the agreement is reached." *Thomas v. State of Louisiana,* 534 F.2d 613, 615 (5th Cir. 1976); (distinguished by *Wolff v. Royal Am. Mgmt.*, 545 Fed.Appx. 791 (11th Cir. 2013)).

Recovery of monies in FLSA actions is uncertain. Neither a judgment nor positive findings from the Department of Labor guarantee collection or success. For example, in *Blackman v. Americare Long Term Speciality Hospital, LLC*, 2:10-cv-2645-AJT-tmp, D.E. 60 (W.D. Tenn. 2012) judgment for unpaid overtime was entered against a nursing home for $200,000, but no monies were collected. Likewise, in *Gilson v. Indaglo, Inc.*, 6:12-cv-1423-GKS-GJK, D.E. 143

COLE, SCOTT & KISSANE, P.A.
4301 WEST BOY SCOUT BOULEVARD - SUITE 400 - TAMPA, FLORIDA 33607 - (813) 289-9300 - (813) 286-2900 FAX

(M.D. Fla. 2012), a directed verdict was entered for the defendants-employers even though the Department of Labor had found that plaintiffs-employees were owed unpaid minimum wages. Here, Plaintiff and Defendant discussed whether Plaintiff worked more weekly overtime hours than what she was already compensated for.  Based on the evidence exchanged and the arguments made both during and after this Court's evidentiary hearing, the Parties have reached a reasonable compromise of the Plaintiff's claims in this case.

### III.   Conclusion

WHEREFORE, the Parties jointly and respectfully request that this Court approve the settlement between the Parties and (subsequent to full payment by Defendant as per the terms of the settlement agreement on April 15, 2016) dissolve the Writ of Garnishment issued against Defendant's bank account, vacate the default judgment entered against Defendant, dismiss the instant action with prejudice and retain jurisdiction to enforce the terms of the Parties' settlement agreement.

Respectfully and jointly submitted by the Parties on this 8th day of April, 2016.

| | |
|---|---|
| *By: /s/ Bernard Mazaheri* | *By: /s/ Brian Rubenstein* |
| Bernard R. Mazaheri, Esq. | Brian D. Rubenstein, Esq. |
| Morgan & Morgan | FBN: 0016997 |
| 20 N Orange Ave., Ste. 1600 | Jennifer Lulgjuraj, Esq. |
| Orlando, FL 32801 | FBN: 98668 |
| T: (407) 420-1414 | Cole, Scott & Kissane, P.A. |
| FBN: 74846 | 4301 West Boy Scott Blvd. |
| Email: bmazaheri@forthepeople.com | Tampa, FL 33607-5709 |
| Attorney for Plaintiff | T: 813-864-9324 |
| | F: 813-286-2900 |
| | Email: brian.rubenstein@csklegal.com |
| | Email: jennifer.lulgjuraj@csklegal.com |
| | Attorneys for Defendant |

Case No.  1:15-cv-00170-MW-GRJ

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of April 2016, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which I understand will send a notice of electronic filing to all counsel of record.

By: /s/ Brian D. Rubenstein
BRIAN D. RUBENSTEIN
FBN: 0016997
Counsel for Defendant
Cole, Scott & Kissane, P.A.
4301 W. Boy Scout Blvd. Suite 400
Tampa, Florida 33607
Tel: (813) 864-9324
Fax: (813) 286-2900
brian.rubenstein@csklegal.com
